```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
RAFAEL RODRIGUEZ,                        :
                                         :
                         Plaintiff,      :    07 Civ. 251 (DLC)
                                         :
             -v-                         :    ORDER AND OPINION
                                         :
ROY KULCSAR,                             :
                         Defendant.      :
                                         :
-----------------------------------------X
```

Appearances:

Pro se Plaintiff:
Rafael Rodriguez
51904-054
FCI Fort Dix
P.O. Box 38
Fort Dix, New Jersey 08640

Pro se Defendant:
Roy R. Kulcsar
Attorney at Law
27 Union Square West
New York, New York 10003

DENISE COTE, District Judge:

On January 12, 2007, pro se plaintiff Rafael Rodriguez ("Rodriguez") filed the instant action, which concerns a dispute over a $5,000 fee paid to the defendant Roy Kulcsar ("Kulcsar"), his former criminal defense attorney. Because this Court lacks subject matter jurisdiction over the claim asserted, the case is dismissed.

BACKGROUND

Rodriguez was convicted after jury trial of conspiracy to distribute a controlled substance.  See United States v. Rodriguez, No. 03-Cr-1280 (AKH).  He is currently serving his sentence at FCI Fort Dix.  Following conviction and sentencing, Kulcsar represented Rodriguez in making a motion for a reduction of his sentence under Rule 35 of the Federal Rules of Criminal Procedure.  The Government declined to support Rodriguez's motion for a reduction of sentence under Rule 35, and his sentence was not reduced.

Rodriguez filed the instant action to recover the $5,000 retainer fee he paid Kulcsar for his representation.  His complaint, filed on January 12, 2007, alleges fraudulent inducement, averring that Kulcsar had made representations he knew to be false concerning the likelihood of Rodriguez' success on his Rule 35 motion in order to induce the retainer payment. Rodriguez seeks $500,000 in compensatory damages, and $1,000,000 in punitive damages.

At an initial pretrial conference held on July 20, 2007, this Court sua sponte questioned whether it had subject matter jurisdiction over the action and, through subsequent orders, required the parties to address this issue.[1]  Kulcsar's reply,

---

[1]  Prior to arrest, Rodriguez was domiciled in the Dominican Republic.  Although the parties disagree as to whether Kulcsar

2

dated August 17, argued that the complaint failed to state a federal claim or to satisfy the $75,000 amount in controversy requirement for diversity jurisdiction.  See 28 U.S.C. § 1332(a).  An Order dated August 31 required Rodriguez to respond to Kulcsar's submission.[2]  Rodriguez made a submission dated September 19 and argued that the amount of compensatory damages due is a matter of fact for the jury to determine, and therefore that his complaint seeking $500,000 surmounts the threshold for diversity jurisdiction.

DISCUSSION

In order to establish subject matter jurisdiction under 28 U.S.C. § 1332(a), Rodriguez must show diversity of parties and a claim over the threshold of $75,000.  Kulcsar concedes the diversity of parties but disputes that Rodriguez's claims exceed the threshold.  Rodriguez bears the burden of showing a "reasonable probability" that the threshold requirement is satisfied.  Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006) (citation omitted).  "This burden is hardly onerous, however, for we recognize 'a rebuttable

---

is domiciled in New York or New Jersey, Kulcsar concedes diversity of citizenship between the parties for the purposes of the instant action.  Rodriguez retained Kulcsar and paid him $5,000 to represent Rodriguez.

[2]   In this Order, the Court also declined to exercise its discretion to assert ancillary jurisdiction over a fee dispute between a federal court litigant and his attorney.

presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" Scherer v. Equitable Life Assur. Soc'y of the U.S., 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted). On the face of the complaint, which seeks a total of $1,500,000, the threshold requirement is clearly met.

The party opposing jurisdiction bears the burden of rebutting this presumption by showing bad faith. Id. To demonstrate a filing in bad faith, "the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." Id. (citation omitted). The "legal certainty" standard for rebutting the presumption of good faith is extremely high: "[T]he legal impossibility of recovery must be so certain as virtually to negate the plaintiff's good faith in asserting the claim." Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chi., 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted). "[E]ven where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982).

To prevail, therefore, Kulcsar must demonstrate to a legal certainty that Rodriguez cannot collect $75,000 or more from the claims in his complaint. Rodriguez seeks "monetary damages" in

4

the amount of $500,000.  His complaint sets forth facts indicating pecuniary loss of only $5,000.  Under New York law, such "out-of-pocket" losses are the measure of actual damages for fraudulent inducement.  See Kaddo v. King Serv., 250 A.D.2d 948, 949 (N.Y. App. Div. 3d Dep't 1998) (citation omitted) ("[T]he proper measure of damages is plaintiff's actual pecuniary loss as a result of the fraud, or what is known as the 'out-of-pocket' rule.").[3]  Rodriguez's claim for compensation of the $5,000 retainer fee is properly pleaded and not legally impossible.  Under Federal Rule of Civil Procedure 8(a)(2), however, Rodriguez has not pleaded that he is entitled to actual damages in excess of $5,000.  It is therefore legally impossible

---

[3]     It appears from the pleadings that New York law would apply to the instant case, as Kulcsar's legal practice is domiciled in New York and Rodriguez was convicted and sentenced in the Southern District of New York.  But no choice-of-law determination has yet been made, and in the event that New Jersey law applies, the outcome would be the same.  New Jersey case law recognizes that courts should take a flexible approach in awarding damages in cases involving fraud.  See Zeliff v. Sabatino, 15 N.J. 70, 74-75 (1954); Correa v. Maggiore, 196 N.J. Super. 273, 284 (App. Div. 1984). "No rule of damages capable of precise application in all [fraud] cases can be laid down and followed."  Zeliff, 15 N.J. at 74.  "As to some cases what is called the 'out-of-pocket' rule may furnish just and adequate compensation; in others the so-called 'benefit-of-the-bargain' rule may be the more just and accurate."  Id.  Under either standard, Rodriguez has not alleged actual damages of more than $5,000 because he has not pleaded facts to support out-of-pocket expenditures of more than $5,000, nor that the benefit of his bargain with Kulcsar would have amounted to more than $5,000.

for Rodriguez to recover the remaining $495,000 sought in actual damages.

Rodriguez also seeks punitive damages in the amount of $1,000,000.  As a rule, "if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir. 1991).  Under New York law, where a breach of contract involves fraud evincing a "'high degree of moral turpitude' and demonstrating 'such wanton dishonesty as to imply a criminal indifference to civil obligations', punitive damages are recoverable if the conduct was 'aimed at the public generally.'" Rocanova v. Equitable Life Assur. Soc'y, 83 N.Y.2d 603, 613 (1994) (citation omitted).[4]

Given their more speculative nature, "the trial court is plainly not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction.  Indeed, in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny . . .

---

[4] Again, the analysis under New Jersey law would be the same. Under New Jersey law, "[t]o warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious. There must be an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and wilful disregard of the rights of another." Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 49 (1984). Rodriguez has not alleged such conduct on Kulcsar's part, and thus his claim would be legally impossible under New Jersey law.

than a claim for actual damages." Zahn v. Int'l Paper Co., 469 F.2d 1033, 1033 n.1 (2d Cir. 1972) (citation omitted). Although the instant complaint does not state the basis for punitive damages, "before determining that the amount in controversy requirement has not been met, 'the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [the jurisdictional amount] is reasonably possible.'" Chase Manhattan Bank, 93 F.3d at 1070 (citation omitted). Though the good faith belief is tested as of the date of filing the complaint, later evidence may be used to determine good faith at that time. See, e.g., id.("A plaintiff's good faith belief as of the filing date may be ascertained by reference to the pleadings and any facts on that subject adduced in discovery").

In the instant case, Rodriguez' submission on subject matter jurisdiction constitutes an "appropriate and reasonable opportunity to show good faith" under Chase Manhattan. The Rodriguez submission adds no argument that Kulcsar's conduct would merit the award of punitive damages. Although it alludes to the loss of public confidence in the judicial system occasioned by "an officer of the court" engaging in fraud, it makes no claim that Kulcsar has engaged in any fraud on the public or some systematic abuse of clients, or that his conduct was wanton or malicious. Rodriguez's claim is manifestly a

7

private dispute predicated on a disagreement about his attorney's performance.  Accordingly, punitive damages are legally impossible and may not contribute to meeting the threshold requirement.

Even if punitive damages <u>were</u> legally possible under some theory, the specific amount of punitive damages Rodriguez seeks would run afoul of the United States Constitution.  In <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 538 U.S. 408 (2003), the Supreme Court held that a punitive damages award is likely to be unconstitutionally excessive where the ratio between punitive damages and compensatory damages exceeds single digits.  <u>Id.</u> at 425.  As explained above, Rodriguez only pleaded a compensatory damages claim of $5,000.  If he succeeded on his claims, any punitive damages award greater than $50,000 (a 10:1 ratio) would be unconstitutionally excessive.  Thus the maximum, legally possible amount of compensatory and punitive damages Rodriguez could win in the instant action is $55,000, which still falls short of the jurisdictional threshold.

The total amount Rodriguez has claimed with some possibility of success is $5,000.  As this is below the threshold requirement for diversity jurisdiction, Rodriguez cannot assert subject matter jurisdiction under 28 U.S.C. § 1332(a).

CONCLUSION

This case is dismissed for lack of subject matter jurisdiction. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         October 24, 2007

_____
DENISE COTE
United States District Judge

COPIES SENT TO:

Rafael Rodriguez
51904-054
FCI Fort Dix
P.O. Box 38
Fort Dix, NJ 08640

Roy R. Kulcsar, Esq.
27 Union Square West
New York, NY 10003